*416 OPINION.
SteRNhagen:
The petitioner urges her right to deduct on her own return the loss sustained by the trustee in the sale of part of the corpus. The adverse rule announced in Baltzell v. Mitchell, 3 Fed. (2d) 428, and by the Board in Louise P. V. Whitcomb et al., 4 B. T. A. 80, Arthur H. Fleming et al., 6 B. T. A. 900, and George D. Widener et al., 8 B. T. A. 651, is sought to be distinguished because here the petitioner was not only the beneficiary of income for life but was the donee of a power of appointment of the remainder. But in New York this does not give her the fee. Briggs' Will, 167 N. Y. S. 632, aff'd. 119 N. E. 1032; Sprague's Will, 221 N. Y. S. 473. The appointee takes from the donor. United States v. Field, 255 U. S. 257. There is no significance in the cases cited by petitioner where the creator and beneficiary are held under the New York Personal Property Law entitled, as against the trustee, to break a trust where there are no present conflicting interests.
Here, as in the earlier cases already cited, there is no present effect of the sale upon the beneficiary, who pays tax only upon the income she receives. The direct impact of the loss is not upon her. She can not complain if because of the lack of a present identified owner of the remainder there is no taxpayer to suffer the loss or take the deduction. Her income is nevertheless received by her and subjects her to the tax.

Judgment will be entered for the respondent.